IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

OMI REFRACTORIES, LLC d/b/a
BISCO REFRACTORIES                                                       PLAINTIFF

VERSUS                                  CIVIL ACTION NO. 1:23cv102 HSO-MTP

HANKIN ENVIRONMENTAL SYSTEMS,
INC., AND BERKSHIRE HATHAWAY
SPECIALTY INSURANCE COMPANY                                              DEFENDANTS

## COMPLAINT

## JURY TRIAL DEMANDED

AND NOW comes Plaintiff OMI Refractories, LLC d/b/a BISCO, by and through its counsel and brings and files the within Complaint pursuant to the Federal Rules of Civil Procedure stating as follows:

## PARTIES

1. Plaintiff OMI Refractories, LLC d/b/a BISCO Refractories (hereinafter "BISCO") is a Pennsylvania corporation with its principal place of business at 500 Superior Street, Building 5, Carnegie, Pennsylvania 15106.

2. Defendant Hankin Environmental Systems, Inc. (hereinafter "Hankin") is a Delaware corporation with its principal place of business at 1 Harvard Way, Suite 6, Hillsborough, New Jersey 08844. Hankin can be served with process through its Registered Agent, National Registered Agents, Inc., 1209 Orange Street, Wilmington, Delaware 19801.

3. Defendant Berkshire Hathaway Specialty Insurance Company (hereinafter "Berkshire") is an entity domiciled in Nebraska with a principal place of business at 1 Lincoln Street, 23rd Floor, Boston, Massachusetts 02111. Berkshire can be served with process through its

1

registered agent, CSC-LAWYERS Incorporating Service Company, 233 South 13th Street, Suite 1900, Lincoln, Nebraska 68508.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332 as there is complete diversity of citizenship between the parties.

5. The matter in controversy exceeds the sum of Seven-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs and it is between parties which are citizens of different states.

6. Venue in this Court is proper to 28 U.S.C. §1391 as the events giving rise to the within Complaint occurred within this judicial district.

## FACTUAL BACKGROUND

7. A non-party to this action is the Calgon Carbon Corporation, who has owned and operated for a number of years prior to the events at issue herein, a commercial facility located in Bay St. Louis, Mississippi.

8. Recently, a project commenced whereby two new structures known as Activators were to be built and installed as additions at the facility.

9. Another non-party to this action is O'Neal Constructors, LLC of Greenville, South Carolina (hereinafter "O'Neal"). O'Neal was the general contractor with regard to the aforementioned project.

10. Pursuant to the terms of a Contract Agreement dated June 29, 2021, O'Neal as the general contractor entered into an agreement with Defendant Hankin as a subcontractor (hereinafter "the Subcontract") for a certain portion of the project requirements. Relevant portions of the Subcontract are attached as Exhibit 1.

11. The work is described in the Subcontract as "Calgon-Pearl River G-Line Activator Erection and Commissioning."

12. Section 1 of the Subcontract entitled "WORK TO BE PERFORMED" specifically states:

> The Subcontractor agrees to furnish all labor, services, materials, direct purchase items, supervision, tools, scaffolds, hoisting facilities, cranes, equipment, supplies, licenses, insurance, inspection costs, incidentals, and other facilities of every kind and description, unless specifically excluded herein, necessary for the proper and timely construction and completion of the work in strict accordance with the Contract Documents as listed in Section 2.A below.

13. Each page of the Subcontract Agreement at the bottom thereof contains the statement "Calgon Pearl River G-Line Expansion-Hankin Environmental Systems Subcontract No."

14. Pursuant to a document issued on December 7, 2020, O'Neal described the scope of the work which was ultimately undertaken by Hankin pursuant to the Subcontract in an 11-page document entitled "19220-C-031 Refractory Duct and Cyclone," which at Section 1.0 entitled Detail Scope of Work states:

> This Subcontractor shall design, furnish and install a turnkey refractory system in accordance with the contract documents, including but not limited to the following areas:
>
>   a. Activators
>   b. Activator Off-Gas Treatment
>   c. Bakers Off-Gas Treatment

A copy of the seven-page Work Document is attached hereto and marked as Exhibit 2.

15. The Subcontract was specifically governed by provisions of Mississippi Code Annotated Section 31-3-15 requiring that Hankin obtain a Certification of Responsibility from the State of Mississippi for the work it was to perform on the Project.

3

16. The value of the Subcontract Agreement between O'Neal and Hankin was for work costing in excess of Eleven Million Five Hundred Thousand ($11,500,000.00) Dollars.

17. At a separate point in time after O'Neal and Hankin entered into the Subcontract, representatives of BISCO and Hankin commenced discussions and exchanges of information and had an in-person meeting which ultimately resulted in Hankin issuing a Purchase Order to BISCO to perform as a subcontractor, a portion of the work Hankin had separately agreed to perform for O'Neal. A copy of the Purchase Order for a sum in excess of One Million Three Hundred Thousand ($1,300,000.00) Dollars along with its Terms and Conditions is attached hereto and marked as Exhibit 3.

18. The BISCO representatives were supplied with only a limited amount of non-final project drawings and information from Hankin from which they bid for the job and upon which the Purchase Order was issued and agreed to by BISCO.

19. A Subcontract Payment Bond No. 47-SUR-008356-01-002 was issued by Defendant Berkshire wherein Hankin is listed as the Principal and O'Neal as the Obligee for the Subcontract work.

20. Pursuant to the terms of the Subcontract Payment Bond, it states:

Every Claimant who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such Claimant's work or labor was done or performed, or materials were furnished by such Claimant, for which claim is made, may have a right of action on this bond.

A copy of the Subcontract Payment Bond is attached hereto and marked as Exhibit 4.

21. BISCO is a claimant pursuant to the terms of the referenced Subcontractor Payment Bond.

22. Upon arrival at the Bay St. Louis worksite, representatives of BISCO became aware that various of the drawings and other representations that had been made to it by Hankin were in fact incorrect.

23. As such, BISCO representatives demanded that its work proceed on a time and material basis as opposed to the terms that had been set forth in the Purchase Order Agreement.

24. Representatives of Hankin acknowledged this demand by BISCO and BISCO commenced to submit 11 separate Invoices for time and materials work with each invoice being paid by Hankin.

25. However, in the summer of 2022, Hankin summarily refused to accept for payment additional time and material Invoices submitted by BISCO despite the course of dealings between the parties, claiming that it was now suddenly enforcing provisions of the Purchase Order Agreement between the parties.

26. BISCO has now come to learn that in the summer of 2022, Hankin was advised by O'Neal that they were in violation of achieving contract construction due dates. A copy of correspondence from O'Neal to Hankin dated August 12, 2022 is attached as Exhibit 5.

27. BISCO has come to learn that O'Neal subsequently withheld contract payments due Hankin and that this event is the reason Hankin stopped paying BISCO and that Hankin's reference to the Purchase Order terms was simply a pretext to avoid paying BISCO for the work it had performed.

28. As Calgon Carbon has been and is a valued customer of BISCO, BISCO continued to perform services to complete its work on the Project and did so in approximately of December 2022.

29.    At the time of the completion of its services, BISCO had incurred $2,160,409.25 in costs and expenses for its services.

30.    After it had commenced work on the Project, BISCO has come to learn that Hankin failed to obtain the required Certificate of Responsibility of the Mississippi Code Annotated Section 31-3-15.

31.    BISCO has separately made a claim to Berkshire pursuant to provisions of Payment Bond and has permitted Berkshire an opportunity to investigate the claims its asserts for reimbursement of the outstanding monies due and owing to it.

32.    By correspondence dated March 3, 2023, BISCO denied entirely payment on the Bond and to BISCO. A copy of the correspondence from Berkshire is attached hereto and marked as Exhibit 6.

## COUNT I

## BREACH OF CONTRACT AS TO HANKIN ENVIRONMENTAL SYSTEMS, INC.

33.    All previous averments of the Complaint are incorporated herein by reference as if more fully set forth at length.

34.    The Subcontract, a portion of which was in turn subcontracted to BISCO required that Hankin obtain a Certificate of Responsibility to Mississippi Code Annotated Section 31-3-15.

35.    Hankin failed to obtain such Certificate of Responsibility and according to established Mississippi Legal Principals, Hankin's failure renders the Purchase Order Contract Agreement null and void.

36.    BISCO on behalf of Hankin performed valuable services and supplied the necessary materials for its job performance which was undertaken on behalf of Hankin. The services and materials provided by BISCO were used and enjoyed by Hankin and Hankin was reasonably

notified that in the performance of such services and materials furnished, BISCO expected that it would be paid by Hankin.

37. Hankin's refusal to pay for the services duly rendered by BISCO is such that good conscience and justice require that it make payment to BISCO in the amount of Two Million One Hundred Sixty Thousand, Four Hundred Nine and 25/100 ($2,160,409.25) Dollars

## COUNT II

### BISCO IS ENTITLED TO A QUANTUM MERIT RECOVERY FROM HANKIN ENVIRONMENTAL SYSTEMS, INC.

38. All previous averments of the Complaint are incorporated herein by reference as if more fully set forth at length.

39. An express or implied contract existed between BISCO and Hankin to perform additional work on the subject construction project based on the following:

   a) valuable services were rendered and materials were furnished by BISCO;

   b) said services and materials were furnished to Harkin by BISCO;

   c) said services and materials were accepted by Hankin and used during the subject construction project; and

   d) under the circumstances, Hankin should have reasonably expected to be charged by BISCO and likewise Harkin should reasonably expected to have to pay BISCO for said services.

40. BISCO is entitled to Two Million One Hundred Sixty Thousand, Four Hundred Nine and 25/100 ($2,160,409.25) Dollars in quantum merit damages.

## COUNT III

### BREACH OF CONTRACT BY BERKSHIRE HATHAWAY SPECIALTY INSURANCE

41. All previous averments of the Complaint are incorporated herein by reference as if more fully set forth at length.

42. BISCO is a proper Claimant pursuant to the terms of the Payment Bond issued by Berkshire and previously identified in the Complaint.

43. BISCO made a proper Claim for Payment on the Payment Bond and the claim has been wholly denied by Berkshire.

44. Berkshire has breached the terms of the Payment Bond by failing to pay the valid claim of BISCO.

45. BISCO has been damaged directly and proximately by the breach of the Payment Bond by Berkshire in the sum of Two Million One Hundred Sixty Thousand, Four Hundred Nine and 25/100 ($2,160,409.25) Dollars.

WHEREFORE, PREMISES CONSIDERED, BISCO requests judgment on a quantum merit basis against Hankin and Berkshire.in the amount of Two Million One Hundred Sixty Thousand, Four Hundred Nine and 25/100 ($2,160,409.25) Dollars and for such other relief as this court deems just and proper.

RESPECTFULLY SUBMITTED, this the 14th day of April, 2023.

**OMI REFRACTORIES, LLC D/B/A BISCO REFRACTORIES, PLAINTIFF**

BY:   **DANIEL COKER HORTON & BELL, PA**

BY:   _____
**EDWARD C. TAYLOR**

EDWARD C. TAYLOR - BAR #9043
etaylor@danielcoker.com
KATIE R. VAN CAMP - BAR #104834
kvancamp@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
1712 15TH STREET, SUITE 400
POST OFFICE BOX 416
GULFPORT, MS 39502-0416
TELEPHONE:  (228) 864-8117
FACSIMILE:   (228) 864-6331